L. ALTONA, TRADING AS MAHLMAN-ALTONA & COMPANY,
v. ELECTRIC MANUFACTURING COMPANY,
A CORPORATION.[1]

May 9, 1919.

No. 21,213.

**Partnership — evidence.**

1. The evidence is *held* sufficient to sustain a finding of the jury either that there was a copartnership known as Mahlman-Altona & Company of which Mahlman was a member or that the plaintiff Altona held Mahlman out as being a member of such a copartnership.

**Appeal and error — evident mistake in verdict — conditional affirmance.**

2. Where there is an evident mistake in the amount of the verdict, and the proper amount is readily ascertainable, the error will be corrected by conditional affirmance, though the record is not such that a new trial would be granted of all the issues.

[1]Reported in 172 N. W. 212.

Action in the municipal court of St. Paul to recover $381.15 for goods sold. The answer alleged that defendant paid to plaintiff on account the sum of $177; that defendant was entitled to a further credit of $3.80 and for a two per cent discount agreed upon between them, and confessed judgment in the sum of $199.55 with interest. The case was tried before Finehout, J., and a jury which returned a verdict for $203.15. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed on condition defendant consent to an increase of the verdict to the sum of $204.15.

*Jesse E. Greenman,* for appellant.

*Arthur W. Summerfield* and *Martin J. Hurley,* for respondent.

Dibell, J.

Action for goods sold. There was a verdict for the plaintiff for a less amount than he claimed. He appeals from the order denying his alternative motion for judgment or a new trial.

1. The principal question is whether Mahlman was a member of a copartnership known as Mahlman-Altona & Company or held out by Altona as such so that the defendant is protected in a payment which it made to Mahlman for goods purchased of Mahlman-Altona & Company. The plaintiff claims that he was a sole trader under such name and that Mahlman was not and was not held out as being interested.

In 1915 the plaintiff Altona conducted a small business at Des Moines, Iowa, under the name of the Utility Manufacturing Company. At the time he was manager of a scale company and the business of the utility company was incidental and conducted from the office of the scale company. One Mahlman was his salesman. About May 1, 1916, a business was commenced in the name of Mahlman-Altona & Company. In adopting this name use was made of the name of this Mahlman and of Altona. The defendant had purchased from the utility company through Mahlman. It dealt with Mahlman-Altona & Company through Mahlman.

About the time the name Mahlman-Altona & Company was assumed Altona told a representative of R. G. Dun & Company, who was obtaining for commercial use information as to the membership of partnerships

and the like, that he was forming a copartnership with Mahlman. The letterheads bore the name Mahlman-Altona & Company. Mahlman came to St. Paul and sold goods for the company to the defendant and others. The defendant sent checks to Mahlman-Altona & Company at Des Moines in payment of goods purchased and they were indorsed in the name of Mahlman-Altona & Company by Altona.

The defendant dealt with Mahlman-Altona & Company with apparently no actual knowledge as to what the name represented. It is not shown that it received reports from R. G. Dun & Company to the effect that Mahlman was a partner. There is no direct evidence that it relied upon Mahlman as a copartner. It might be inferred by the jury that it did, for he assumed to be a part of the concern and it dealt with him in the ordinary way. Altona's story is that he made use of Mahlman's name in combination with his own and started him out to sell goods under the name assumed, but that he, Altona, was in fact the owner, though the name indicated an interest in Mahlman. Such an arrangement was naturally deceptive.

The defendant gave Mahlman a check payable to Mahlman-Altona & Company in payment on its account. Mahlman was identified by an employee of the defendant and cashed it and the proceeds did not reach the company.

We are of the opinion that upon these facts, though they furnish meager proof, a jury might find either that Mahlman was in fact a partner, as the admissions of Altona and some other evidence tended to show, or that he was held out by Altona as a partner under such circumstances as to protect one who purchased in ordinary course and gave a check to Mahlman in the way the defendant did in part payment of the purchase, and who, as the jury might have found at least by inference, relied upon the fact of a copartnership and his apparent connection with it. The jury adopted one theory or the other. It does not appear which one for the verdict was general.

2. The court instructed the jury that if it allowed the $177 payment, which it did, it should assess the plaintiff's damages at the sum of $204.15, the balance of the amount due Mahlman-Altona & Company for merchandise sold. It is conceded that the verdict should have been for $204.15 with interest from November 2, 1916.

The defendant did not except to the charge but assigned error on the motion for a new trial. Ordinarily, applying Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, we would not grant a new trial of the issues for such an error. It could have been corrected on the motion for a new trial, without putting the defendant to a new trial, and it can be corrected now. The order is affirmed on condition that the defendant consent, within ten days after the going down of the remittitur, that the verdict be increased by the amount stated, and otherwise it is reversed.

The plaintiff assigns other errors, but they are not of a character which requires specific mention.

There will be no statutory costs.

Affirmed on condition.